COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:       Rusty Terry v. The State of Texas

Appellate case number:    01-15-00630-CR

Trial court case number:  1451197

Trial court:                      183rd District Court of Harris County

Appellant is not represented by counsel. Appellant's brief was due on September 21, 2015. On September 30, 2015, the Clerk of the Court notified appellant that a brief had not yet been filed and required a response within 10 days. *See* TEX. R. APP. P. 38.8(b)(2). On October 28, 2015, our notice to appellant was returned undeliverable. On November 18, 2015, appellant advised us of his correct mailing address, claimed he was indigent, and asked that we appoint counsel.

Pursuant to Rule of Appellate Procedure 38.8, we abate this appeal and remand the case to the trial court for a hearing. *See* TEX. R. APP. P. 38.8(b)(2)–(3). We direct the trial court to conduct a hearing at which a representative of the Harris County District Attorney's Office and appellant shall be present.[1] The trial court shall have a court reporter record the hearing. The trial court is directed to make appropriate findings on these issues:

(1)   whether appellant wishes to prosecute the appeal; and, if so,

(2)   whether appellant is presently

(a) indigent, in which case the trial court should appoint new appellate counsel at no expense to appellant and establish a date by which counsel will file a brief, no later than 30 days from the appointment; or

(b) not indigent, in which case the trial court should establish a date by which appellant shall retain new counsel;

---

1    If appellant is incarcerated, at the trial court's discretion, appellant may participate in the hearing by closed-circuit video teleconferencing. Any such teleconference must use a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound between the trial court, appellant, and any attorneys representing the State or appellant. On request of appellant, appellant and his counsel shall be able to communicate privately without being recorded or heard by the trial court or the attorney representing the State.

TEX. CODE CRIM. PROC. ANN. arts. 1.051(d), 26.04; TEX. R. APP. P. 38.8(b)(2), (3), (4).

The trial court shall cause a supplemental clerk's record containing its findings and recommendations, including the name, address, telephone number, and State Bar number of any appointed counsel, and the reporter's record of the hearing to be filed in this Court **no later than December 18, 2015.** If the hearing is conducted by video teleconference, a certified video recording of the hearing shall be filed in this Court no later than December 18, 2015.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when a supplemental clerk's record that complies with this order, and the reporter's record of the hearing, have been filed in this Court. The trial court coordinator shall set a hearing date and notify the parties and the Clerk of this Court of such date.

It is so ORDERED.

Judge's signature: /s/ Rebeca Huddle
☒Acting individually ☐ Acting for the Court

Date:  November 24, 2015